IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAMON FABELA[1],

    Petitioner,

v.

FEDERAL BUREAU OF PRISONS FCI OXFORD,

    Respondent.

OPINION and ORDER

25-cv-291-jdp

---

Petitioner Ramon Fabela, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. Dkt. 1. Fabela contends that Bureau of Prison officials have denied him time credit under the First Step Act (FSA) based on an erroneous determination that his conviction for possession with intent to distribute fentanyl makes him ineligible for that relief.

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition with prejudice because Fabela was convicted of possession with intent to distribute 400 grams or more of fentanyl, which makes him ineligible for FSA time credit.

I begin with the background. In count one of a three-count information, Fabela was charged with violating 21 U.S.C. § 841(a)(1) by possessing with intent to distribute 400 grams or more of fentanyl. *United States v. Fabela*, 19-cr-428 (S.D. Cal.), Dkt. 17 at 1. Fabela pleaded

---

[1] The clerk is directed to recaption petitioner under the name "Ramon Fabela."

guilty to each count in the information, and he was sentenced to 120 months' imprisonment. Dkt. 39; Dkt. 45; Dkt. 68 in the '428 case. Fabela's projected release date is December 14, 2027.

Fabela contends that he would be eligible for immediate release to a halfway house if the BOP applied FSA time credits to his sentence. Dkt. 1 at 5. But prisoners are ineligible to receive FSA time credit if they are serving sentences for certain offenses, including some more serious drug offenses charged under § 841(a)(1). 18 U.S.C. § 3632(d)(4)(D). Ineligible prisoners include those whose § 841(a)(1) offense involved 400 grams or more of fentanyl, so that they are sentenced under § 841(b)(1)(A)(vi). *Id.* § 3632(d)(4)(D)(lxvi). Section 841(b)(1)(A)(vi) "applies when a defendant possesses with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl." *Dyson v. Wadas*, 24-cv-295, 2024 WL 5040584, at *1 (S.D. Ind. Dec. 9, 2024); *see also United States v. Bacon*, 991 F.3d 835, 843 (7th Cir. 2021).

Fabela's information and judgment do not refer to § 841(b)(1)(A)(vi), but that is immaterial. Fabela was charged and convicted for an offense described in paragraph (a) of § 841. Paragraph (a) defines the prohibited acts. Paragraph (b) establishes the penalties for the prohibited act, based on the drug and quantity involved. Not all convictions under § 841(a) make a prisoner ineligible for FSA credits. But Fabela was sentenced under § 841(b)(1)(A)(vi), so he's ineligible. It's immaterial that BOP records stated at one point that Fabela was eligible for FSA time credit; its initial determination was mistaken. The BOP later correctly determined that Fabela was ineligible for FSA time credit; the petition is denied.

ORDER

IT IS ORDERED that:

1. Petitioner Ramon Fabela's petition, Dkt. 1, is DISMISSED with prejudice.

2. The clerk of court is directed to enter judgment and close the case.

Entered May 6, 2025.

BY THE COURT:

/s/
_____

JAMES D. PETERSON
District Judge